IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PANDA EXPRESS, INC., a California corporation,<br><br>    Plaintiff,<br><br><br><br><br>vs.<br><br><br>EXCEL CONSTRUCTION, L.C., a Utah limited liability company,<br><br>    Defendants, | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT EXCEL CONSTRUCTION'S AMENDED MOTION IN LIMINE REGARDING *RES IPSA LOQUITUR* AND DENYING EXCEL CONSTRUCTION'S AMENDED MOTION IN LIMINE REGARDING PYROLYSIS<br><br><br><br><br><br><br>Case No. 2:04-CV-579 TS |

| | |
|---|---|
| EXCEL CONSTRUCTION, L.C., a Utah limited liability company,<br><br>    Third-Party Plaintiff,<br><br>        vs.<br><br>EXCELLENCE IN AIR CONDITION AND HEATING, L.L.C.,<br><br>    Third-Party Defendant. | |

This matter is before the Court on two Amended[1] Motions in Limine filed by Defendant Excel Construction, L.C. (Excel) on May 24, 2006: the Amended Motion Regarding Theory of *Res Ipsa Loquitur*,[2] and the Amended Motion Regarding Pyrolysis.[3]  Plaintiff filed its response on May 26, 2006.

The Court, having considered the pleadings and being otherwise fully informed, finds that a hearing is not necessary for the resolution of this matter.  The Court will grant the Amended Motion Regarding Theory of *Res Ipsa Loquitur* and will deny the Amended Motion in Limine Regarding Pyrolysis, as set forth below.

---

[1] Defendant originally brought its Motions in Limine on May 22, 2006, as Docket Nos. 45 and 46, respectively, but the Court struck those filings as overlength on May 24, 2006.  On May 25, 2006, the Court granted leave to file the instant Amended Motions within the appropriate page limitations.

[2] Docket No. 57.

[3] Docket No. 58.

I.      DISCUSSION

    A.      AMENDED MOTION IN LIMINE REGARDING THEORY OF *RES IPSA LOQUITUR*

The Utah Supreme Court has held that a plaintiff is required to give to a defendant adequate notice of its intent to use the *res ipsa loquitur* doctrine.[4] Plaintiff's theory that the alleged negligence of Excel is proven through *res ipsa loquitur* was not mentioned in its Complaint or in the Pretrial Order, and was only noted in Plaintiff's Trial Brief on May 22, 2006[5] – one week prior to the scheduled trial in this matter.

Plaintiff cites cases establishing that the doctrine of *res ipsa loquitur* is "merely a rule of evidence."[6] However, each of the three cases relied upon by Plaintiff in support of its argument is distinguishable, as they each involve a federal question regarding railroad liability.

The Court will exercise its discretion and grant Defendant's Motion in Limine on this issue. The Court does so in the interest of fairness to Defendant, and to avoid the significant prejudice that would result from Defendant's inability to adequately prepare to defend against a theory, which was only recently raised. Plaintiff may present its evidence on negligence, but

---

[4] *Loos v. Mountain Fuel Supply*, 108 P.2d 254, 259 (Utah 1940).

[5] In its Motion, Excel stated that Plaintiff first notified it of the *res ipsa loquitur* issue by letter "last week." The Court assumes this to be the week of May 15-19, 2006, although no specific date was given.

[6] *Union Pac. R. Co. v. Ward*, 230 F.2d 287, 289 (10th Cir. 1956). *See also Fassbinder v. Pennsylvania R. Co.*, 322 F.2d 859, 863 (3rd Cir. 1963) ("The *res ipsa loquitur* doctrine is simply a rule of evidence and like any other rule of evidence it is brought into play where the situation presented makes it applicable. *It does not have to be pleaded in the complaint or 'noticed' by specific designation to the adverse party at pre-trial or at trial, since it is neither a cause of action nor a ground for recovery, nor an 'issue.'*") (emphasis added); *Dugas v. Kansas City Railroad Lines*, 473 F.2d 821, 825 (5th Cir. 1973) ("Since the doctrine of *res ipsa loquitur* is a rule of evidence it is not necessary that it be referred to in the pleadings.") (emphasis added).

Plaintiff will not be allowed to introduce argument pertaining to this doctrine at this late stage in the litigation process or at trial. Further, although Plaintiff has proposed a jury instruction regarding *res ipsa loquitur*,[7] the Court will not give an instruction to the jury on *res ipsa loquitur*.

### B. AMENDED MOTION IN LIMINE REGARDING PYROLYSIS

In its Amended Motion, Excel requests that the Court exclude any evidence relating to a scientific theory called pyrolysis. Excel seeks to prevent Dennis Jones, an expert witness on behalf of Plaintiff, from testifying that the fire at issue could have ignited by pyrolysis.

*Daubert*[8] issues, such as those raised here, are normally dealt with by the Court being allowed to hear the proposed testimony of the expert witness and then to make factual findings and draw legal conclusions on these very fact-intensive issues, all out of the hearing of the jury.

The Court is markedly displeased with the significant delay by Defendant in raising this issue. This case was filed on June 22, 2004 – nearly two years ago. Mr. Jones was designated by Plaintiff as an expert witness on October 4, 2005.[9] Apparently, his deposition was taken.[10] Defendant only raised the *Daubert* issue in its Motion in Limine[11] on May 22, 2006, which was stricken, and then re-filed on May 25, 2006.[12] Trial is scheduled to begin in this matter on May

---

[7] *See* Plaintiff's Proposed Jury Instruction #30.

[8] *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[9] Docket No. 19.

[10] Undated portions of Mr. Jones' deposition were attached as Exhibit A to Docket No. 46.

[11] Docket No. 46.

[12] Docket No. 58.

30, 2006.  There is now no logistical way to hold a hearing prior to trial to hear the witness' testimony and to deliberately and carefully consider the issues raised.  Yet the Court, in its gate-keeping function, cannot simply exclude such evidence – which appears to be key to Plaintiff's case – without making very fact-intensive findings.[13]

Defendant's lack of diligence in this matter has placed the Court, the parties, and the jury in a difficult situation.  Given the circumstances and strategic decisions of Defendant in not raising this issue earlier, the Court has no choice but to allow the Plaintiff to put on the evidence at issue.  Thereafter, if Defendant chooses to again raise issues regarding its sufficiency or admissibility, it may do so through a motion to strike or other motion, which the Court will entertain at the appropriate time.  Therefore, Defendant's Amended Motion in Limine Regarding Pyrolysis will be denied.

    C.    OTHER ISSUES.

The Court herein has expressed displeasure with both parties for their tardiness in marshaling key aspects of their cases in this long-standing matter.  The Court also notes its displeasure with the parties' apparent lack of willingness to work together in preparation of trial.  As a result, the parties have compacted what should have been months of prior litigation into piecemeal and eleventh-hour maneuvering.  In addition to expressing its disappointment, however, the Court wishes to strongly encourage the parties to work together from this point forward to ensure a smooth trial in the interest of judicial economy and respect to the jury.

---

[13] *See* Fed.R.Evid. 702 and *Daubert*.

II.    CONCLUSION

Based upon the above, it is hereby

ORDERED that Defendant Excel Construction, L.C.'s Amended Motion in Limine Regarding Theory of *Res Ipsa Loquitur* (Docket No. 57) is GRANTED. Plaintiff may present evidence on negligence, but Plaintiff will not be allowed to introduce argument pertaining to this doctrine, nor will a jury instruction be given regarding *res ipsa loquitur*. It is further

ORDERED that Defendant Excel Construction, L.C.'s Amended Motion in Limine Regarding Pyrolysis (Docket No. 58) is DENIED. The Court will allow the expert testimony, subject to an appropriate motion by Defendant during the course of trial.

SO ORDERED.

DATED May 26, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge